IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

U.S. COMMODITY FUTURES TRADING
COMMISSION, /PLAINTIFF,

v.

U.S. VENTURES LC, a Utah limited liability     CASE NUMBER 14-4077
company, et al, / DEFENDANTS.

— — — — —-

ROBERTO E. PENEDO,/CLAIMANT APPELANT,

v.

R. WAYNE KLEIN, the court appointed receiver of
U.S. Ventures LC, Winsome Investment Trust, and the assets
of Robert J. Andres and Robert L. Holloway, /Respondant Appellee

## Appellant's Opening Brief

**Statement of the Case:**

- Appellee is the court-appointed receiver of U.S. Ventures, LC, Winsome Investment Trust, and the assets of Robert J. Andres and Robert L. Holloway. In the receivership action, the Court established a process whereby claimants against the receivership estate could bring their claims. The various claims were evaluated by the Receiver, and the Receiver recommended allowance or rejection of the various claims. Claimant Roberto E. Penedo submitted a claim against the receivership estate claiming that the estate was liable for $4,418,000 for professional fees earned by Penedo for consulting and lobbying services related to the proposed construction of an oil refinery in Guatemala. Mr. Penedo's claim was recommended for rejection by the receiver. Mr. Penedo requested an evidentiary hearing, which was held on June 6, 2013.
Following the evidentiary hearing, District Judge Bruce S. Jenkins issued Findings of Fact, Conclusions of Law, and Order Regarding Claim No. 1117 which denied Mr. Penedo's claim entirely.

**Statements of facts Relevant to the issues presented for Review:**

District Judge Bruce S. Jenkins completely ignored the evidence presented that proves the existence of a verbal contract between Rios Systems Inc, Winsome Investment Trust and Roberto Penedo. also District Judge Bruce S. Jenkins based his decision influenced on the judge Nuffer decision in the Klein v. Penedo, Case No. 14-4039 that was completely different issues to be judged. Winsome investment Trust is obligated to pay to Roberto Penedo for services rendered according verbal contract between the parties involved (Rios Systems Inc, Winsome Investment Trust and Roberto Penedo) in which are sufficient evidence that proves the existing of such verbal contract and Judge Jenkins omitted. Winsome Investment Trust received reasonably equivalent value for the services provided by Mr. Penedo in the form of Mr. Penedo's consulting and lobbying services and the lower court properly ignored evidence of such facts.

**Statement Of Issues:**

1. Whether the lower court properly held that Winsome Investment Trust was not obligated to pay Mr. Penedo for his services pursuant to the Refinery Agreement and the discussions and agreements between and among Mr. Penedo on one hand and Mr. Clayton Ballard, RIO Systems, Inc., Mr. Robert Andres, and Winsome Investment Trust on the other;

2. Whether the lower court properly ignored evidence of verbal modifications and amendments to the Refinery Agreement that obligated Winsome Investment Trust to pay Mr. Penedo for his services;

3. Whether the lower court properly ignored evidence that Winsome Investment Trust received reasonably equivalent value for services provided by Mr. Penedo in the form of Mr. Penedo's consulting and lobbying services;

4. Whether the lower court properly ignored evidence that Winsome Investment Trust was obligated to pay the debts and obligations of RIO Systems, Inc.;

**Wrong law applied by the district Court:** yes the district Court applied wrong the law by ignoring any law that supports and recognize the existence of verbal contracts that are binding and enforceable.

The District Court incorrectly decide the facts in this case ignoring the fact of the existence of a verbal contract between Rio Systems Inc, Winsome investment Trust and Roberto Penedo.

The District Court Failed to Consider important Grounds of relief such as the existing Verbal Contract that allows Mr. Roberto Penedo to be compensated for his services surrounded to Rio Systems Inc and Winsome Investment Trust through the receivership as legally proper.

I feel and believe there are any other reasons why the District Court's judgement was wrong, such reasons are, pressures from the Receiver to denied Mr. Roberto Penedo's Claim with the intention to surprise the good faith of District Court with the false argument of set up an example and purpose to discourage frivolous claims that might arise against the Receivership, which is not the case in Mr. Penedo's True Claim and totally known by the Receiver.

I want the The Tenth Circuit Court of Appeals to granted my appeal and returned the Case to the district Court for the consideration of facts previously ignored.

I believe the court should hear oral arguments and for that reason I request to The Tenth Circuit Court of Appeals for a hearing for such arguments because will help the court to reach a fair verdict in this case and clarify any doubt the court may have that will potentially affect the decision of the Court on this case.

Dated this 13 day of March, 2015

Roberto Penedo, pro se
P.O. Box 16123
Jonesboro Ar, 72403

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of March, 2015, a true and correct copy of the foregoing Appellant's Opening Brief was served by the method indicated below, to the following:

| | | |
|---|---|---|
| David C. Castleberry | ( X ) | U.S. Mail, Postage Prepaid |
| Christopher M. Glauser | ( ) | Hand Delivered |
| MANNING CURTIS BRADSHAW & | ( ) | Overnight Mail |
| BEDNAR, LLC | ( ) | Facsimile |
| 136 East South Temple, Suite 1300 | ( ) | Email/E-Filer |
| Salt Lake City, Utah 84111 | | |

| | | |
|---|---|---|
| Kevin S. Webb James H. Holl, III Gretchen L. | ( X ) | U.S. Mail, Postage Prepaid |
| Lowe Alan I. Edelman | ( ) | Hand Delivered |
| U.S. Commodity Futures Trading | ( ) | Overnight Mail |
| Commission 1155 21st Street, NW | ( ) | Facsimile |
| Washington, DC 20581 | ( ) | Email/E-Filer |

| | | |
|---|---|---|
| Jeannette Swent | (X ) | U.S. Mail, Postage Prepaid |
| US Attorney's Office | ( ) | Hand Delivered |
| 185 South State Street, Suite 300  Salt Lake | ( ) | Overnight Mail |
| City, UT  84111 | ( ) | Facsimile |
| Attorneys for Plaintiff | ( ) | Email/E-Filer |

| | |
|---|---|
| Sara E. Bouley Action Law LLC<br>2828 E. Cottonwood Pkwy., Suite 500 Salt Lake City, UT 84121<br>Attorneys for Susan Johnson | ( X )  U.S. Mail, Postage Prepaid<br>(  )  Hand Delivered<br>(  )  Overnight Mail<br>(  )  Facsimile<br>(  )  Email/E-Filer |
| Robert J. Andres<br>10802 Archmont Dr.<br>Houston, TX 77070 | ( X )  U.S. Mail, Postage Prepaid<br>(  )  Hand Delivered<br>(  )  Overnight Mail<br>(  )  Facsimile<br>(  )  Email/E-Filer |
| Robert L. Holloway<br>31878 Del Obispo Suite 118-466<br>San Juan Capistrano, CA 92675 | ( X )  U.S. Mail, Postage Prepaid<br>(  )  Hand Delivered<br>(  )  Overnight Mail<br>(  )  Facsimile<br>(  )  Email/E-Filer |

_____
Roberto E. Penedo

## CERTIFICATE OF SERVICE

**I hereby certify that on** _____ **I served a copy of**
                                                                (date)
**the Appellant/Petitioner's Opening Brief to** _____

_____ **, at** _____
(Opposing Party or Attorney)
_____ **, the last known address/email**

**address, by** _____ **.**
                    (state method of service)

_____       _____
Date                                                              Signature

---

## CERTIFICATE OF COMPLIANCE

**I certify that the total number of pages I am submitting as my Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total number of pages exceeds 30, I certify that I have counted the number of words and the total is _____, which is less than 14,000. I understand that if my Appellant/Petitioner's Opening Brief exceeds 14,000 words, my brief may be stricken and the appeal dismissed.**

3-13-2015                                             [signature]
Date                                                              Signature